UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MUSTAFA R.A. JOHNSON, a/k/a
RICHARD ANTHONY JOHNSON,
       Plaintiff,

v.    CASE NO: 8:06-cv-244-26TGW

TROY YOUNG, LAKELAND POLICE
DEPARTMENT, ALPHONSO PERCEMENT,
and LILIAN JOYCE TUCKER,

       Defendants.
_____/

## ORDER

This cause comes before the Court on Defendant Troy Young's Motion to Dismiss and Incorporated Memorandum of Law, Alternative Motion for More Definite Statement, and Motion to Strike (dkt. 13) and Plaintiff's Response thereto (dkt. 15).

### Plaintiff's Allegations & Claims

Plaintiff filed his Complaint on October 12, 2005 in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida. On or about February 14, 2006, Defendant Young removed the action to this Court. In his "Civil Rights Complaint and Civil Tort 1983," Plaintiff asserts that Defendant Young ("Young"), a police officer for the City of Lakeland, Florida, Police Department ("LPD") responded to a call from a female, Lucrisie Smith ("Ms. Smith"), who requested that Plaintiff be removed from her home. (Dkt. 2, ¶16.) Plaintiff states that Young "trespassed the plaintiff from [Ms. Smith's] home" and that Plaintiff "left without incident." (Id.) Plaintiff further alleges that Ms. Smith called the police a second time, shortly

thereafter, reporting that Plaintiff possessed a firearm and was threatening her and her sister. (Id. at ¶¶ 16 & 42.) It was Young's response to this second call that forms the basis of Plaintiff's claims against Young. Plaintiff asserts that in the course of responding to Ms. Smith's second call, Young came to the residence in which Plaintiff was renting a room, and that Plaintiff opened the door to his room to find Young standing outside the doorway. (Id. at ¶¶ 16-17.) Plaintiff alleges that Young ordered him out of his room and outside of the residence, that Young then searched Plaintiff and placed him in handcuffs, and that Young placed Plaintiff in his patrol car. (Id. at ¶¶ 17, 19, & 21.) While the order of events is unclear, Plaintiff asserts that Young then appeared with "an old, worn down gun with no clip in it" and placed the gun on the hood of the patrol car. (Id. at ¶ 24.) Plaintiff then gave Young permission to search his room and his vehicle. Following the search, Young advised Plaintiff that he was under arrest for possession of a firearm by a convicted felon and threatening a witness. (Id. at ¶ 29.)

Plaintiff alleges that Ms. Smith admitted to him that she lied to the police about Plaintiff's possession of a firearm and threats to her and her sister. (Id. at ¶ 42.) Plaintiff also alleges that the court in the criminal action granted his Motion to Suppress, ruling "the search was illegal, the seizure unlawful, and the arrest . . . without merit." (Id. at ¶ 43.) Plaintiff further alleges that Young transported him to the LPD without securing his residence, and that as a result of Young's actions, along with those of his landlords, Defendants Percement and Tucker, his residence was "looted" and his personal possessions stolen. (Id. at ¶¶ 33 & 37.)

Plaintiff raises eight (8) claims against Young: (A) "Improper Police Procedure;" (B) "Unlawful Acts of Misconduct;" (C) "Illegal Search and Seizure;" (D) "Abuse of Authority By Omission;" (E) "Warrantless Arrest;" (F) "Gross Negligence;" (G) "Filing A Written False

2

Police Report;" and (H) "Lying Under Oath." (Id. at ¶¶ 8-11.)

## Standard for Dismissal

In reviewing a motion to dismiss, the district court is to view the complaint in the light most favorable to the plaintiff. See Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999). A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All that is required under the Federal Rules of Civil Procedure is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail on her claims, but whether the allegations are sufficient to allow the plaintiff to proceed with discovery in an attempt to prove the allegations in the complaint. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986). "'Sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.'" Id. In general, conclusory allegations and unwarranted deductions of fact are not accepted as true even on a motion to dismiss. Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974); Jackson v. BellSouth Telcomms., 372 F.3d 1250, 1263 (11th Cir. 2004). Furthermore, while a pro se litigant's pleadings are held to less stringent standards than those drafted by an attorney, they must still meet minimum pleading standards. Clark v. Sierra, 837 F. Supp.1179, 1180 (M.D. Fla. 1993)(citing Haines v. Kerner, 404 U.S. 519 (1972)). Such complaints "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Moore v. Potter, 14 Fed.

Appx. 803, 805 (11th Cir. 2005). Having carefully considered Plaintiff's allegations, the Court finds that Plaintiff's federal claims are due to be dismissed. Young's Motion and Memorandum are thorough and well-reasoned, therefore, portions are adopted and incorporated into the Court's discussion.

## Discussion

Plaintiff generally alleges at the outset of his Complaint that his "Civil Rights Complaint and Civil Tort, 1983" is brought against all defendants "in their official, individual and personal capacities." The Court assumes, for the purpose of the Motion to Dismiss, that Plaintiff seeks relief against him in both his individual capacity and his official capacity as a City of Lakeland Police Officer.

As to the federal claims against Young in his official capacity, in Sections C and E of the Complaint, such suits are, in all respects other than name, to be treated as a suit against the public entity itself as such actions seek to hold the local government liable under Section 1983 for the actions of its individual employees. See Kentucky v. Graham, 473 U.S. 159, 169-70 (1985); Busby v. City of Orlando, 931 F.2d 764 (11th Cir. 1991); Welch v. Laney, 57 F.3d 1004, 1008 (11th Cir. 1995). However, to the extent Plaintiff seeks to hold the City of Lakeland or the LPD liable for the actions of Young through an official capacity suit, Plaintiff fails to state a claim under Section 1983. The doctrine of respondeat superior does not apply in Section 1983 cases. Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978). A local government may be liable under Section 1983 for deprivation of constitutional rights only where they have an official policy that was the "moving force of the constitutional violation." Id. at 694. There must be a direct link between the alleged constitutional deprivation and the municipal policy or custom.

4

Snow v. City of Citronelle, 420 F.3d 1262, 1271 (11th Cir. 2005). Thus, in order to impose liability upon a municipality pursuant to Section 1983, the plaintiff must show that he suffered a violation of his constitutional rights, that the municipality's customs or policies "constituted deliberate indifference" to the plaintiff's constitutional rights, and that the policy or custom caused the violation of his rights. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004)(citations omitted).

Here, Plaintiff fails to provide any legal or factual allegations that establish the allegedly unconstitutional actions were taken pursuant to any custom or policy of the City or the LPD or that the LPD tacitly authorized or displayed deliberate indifference to such actions. See e.g., Dorsey v. Wallace, 134 F. Supp. 2d 1364, 1369 (N.D. Ga. 2000). Moreover, Plaintiff's Complaint does not contain any allegations indicating the City or the LPD was aware of any past or present misconduct on the part of Young. Finally, Plaintiff's Complaint fails to make any connection between any municipal custom or policy and his alleged constitutional injuries. As such, Plaintiff fails to state a claim against Defendant Young in his official capacity.[1]

Plaintiff's Fourth Amendment claims against Defendant Young in his individual capacity should likewise be dismissed because Defendant Young is entitled to qualified immunity. The purpose of qualified immunity is to allow government officials to carry out their discretionary duties without fear of personal liability or harassing litigation, thus protecting from suit "all but the plainly incompetent or one who is knowingly violating the Federal law." Storck v. City of

---

[1] Although Plaintiff names the Lakeland Police Department as a Defendant in this action, he fails to make any specific allegations in the Complaint as to the LPD. Furthermore, the LPD has not filed its own Motion to Dismiss in this action. Notwithstanding, any claims that Plaintiff may be attempting to assert directly against the LPD in Claims C and E of the Complaint must fail under the Court's foregoing analysis.

Coral Springs, 354 F. 3d 1307, 1314 (11th Cir. 2003)(citations omitted). Qualified immunity operates "to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Saucier v. Katz, 533 U.S. 194, 206 (2001)). To determine whether a government official is entitled to qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly unconstitutional acts took place. Courson v. McMillian, 939 F. 2d 1479, 1487 (11th Cir. 1991). "A government official can prove he acted within the scope of his discretionary authority by showing 'objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority.'" Rich v. Dollar, 841 F.2d 1558, 1564 (11th Cir.1988) (quoting Barker v. Norman, 651 F.2d 1107, 1121 (5th Cir. 1981)).

A careful review of Plaintiff's allegations reveals that Young was acting within the scope of his discretionary authority as a law enforcement officer when he responded to Ms. Smith's second call regarding Plaintiff. Plaintiff even alleges that Young had previously responded to a call from Ms. Smith, who requested that Plaintiff be removed from her home. (Dkt. 2, ¶16.) The Complaint also sets forth that Young ordered Plaintiff to leave Ms. Smith's home and that Plaintiff "left without incident." (Id.) Plaintiff further alleges that Ms. Smith called the police a second time and reported that Plaintiff possessed a firearm and had threatened her and her sister. (Id. at ¶¶16 & 42.) Young's response to this second call formed the basis for Plaintiff's claims. Plaintiff's allegations demonstrate that Young was acting within the scope of his discretionary authority when he arrived at Plaintiff's residence and subsequently arrested him for possession of a firearm and threatening a witness.

6

Once the public official establishes he was acting within the scope of his discretionary authority, the burden shifts to the plaintiff to establish that qualified immunity does not apply. The Supreme Court has established a two-part test for evaluating claims of qualified immunity. Saucier v. Katz, 533 U.S. 194, 201 (2001). To determine if a plaintiff has met his burden of establishing that qualified immunity does not apply, the court must first ask whether the facts alleged, taken in the light most favorable to the plaintiff, establish a constitutional violation. See id. Second, if a constitutional right would have been violated under the plaintiff's version of the facts, the court must then determine whether that right is clearly established. See id. If no constitutional violation is established, the officer then prevails and there is no necessity for further inquiry regarding qualified immunity. However, if the facts establish a constitutional violation, the court must then decide whether, at the time of the violation, the right was clearly established. This inquiry "must be undertaken in light of the specific context of the case [and] not as a broad general proposition . . . ." Id. For a constitutional right to be "clearly established," its boundaries "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Hope, 536 U.S. at 739.

Plaintiff claims he was subject to an illegal search and seizure and a warrantless arrest in violation of his Fourth and Fourteenth Amendment rights. The Fourth Amendment guarantees that all individuals are "secure in their person . . . against unreasonable searches and seizures." U.S. Const. Amend. IV. In his "Statement of Fact," Plaintiff indicates that he gave Young permission to search his room and his vehicle, without Young ever requesting such permission. As to the seizure of Plaintiff's person, while Plaintiff states that Young "entered two doors before he was standing at Plaintiff's room door," Plaintiff does not allege Young entered Plaintiff's

7

residence – the room Plaintiff was renting from Defendants Percement and Taylor. (Dkt. 2, ¶ 59.) As such, there was no arrest of Plaintiff within his residence as he was asked to step outside of his room and outside of the boarding house before he was arrested. Moreover, in the event this Court finds Plaintiff was arrested within his home, Young maintains that exigent circumstances existed. Specifically, according to Plaintiff's own allegations, he had just been removed from the home of the complaining witness by Young and the same complaining witness shortly thereafter reported that Plaintiff was threatening her and her sister and possessed a firearm. Welsh v. Wisconsin, 466 U.S. 740 (1984); Rolling v. State, 695 So. 2d 278, 292-93 (Fla. 1997).

To the extent the Court finds Plaintiff's Complaint indicates he was not arrested in his home, such arrests do not violate the Fourth Amendment if the law enforcement officer has probable cause for the arrest. Wood v. Kesler, 323 F.3d 872, 877 (11th Cir. 2003); see also Storck, 354 F. 3d at 1314; Lee v. Ferraro, 284 F.3d 1188, 1194-95 (11th Cir. 2002). The existence of probable cause constitutes a bar to claims under § 1983 for false arrest. Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996). "For probable cause to exist . . . an arrest must be objectively reasonable based on the totality of the circumstances." Lee, 284 F.3d at 1195; see also Rankin v. Evans, 133 F.3d 1425, 1435 (11th Cir. 1998); Wood, 323 F.3d at 878. Probable cause is established when "'the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed or is about to commit an offense.'" Rankin, 133 F.3d at 1435 (quoting Williamson v. Mills, 65 F.3d 155, 158 (11th Cir. 1995)). While probable cause requires "more than mere suspicion," it does not require "convincing proof." Bailey v. Board of County Comms. of Alachua County, 956 F.2d 1112, 1120 (11th Cir.

1992). "The Constitution does not guarantee that only the guilty will be arrested. If it did Section 1983 would provide a cause of action for every defendant acquitted – indeed for every suspect released." Baker v. McCollan, 443 U.S. 137, 145 (1979).

In the instant case, Plaintiff's own allegations indicate that Young had probable cause to arrest Plaintiff based upon the totality of the circumstances and the facts and circumstances within the scope of Young's knowledge. Plaintiff's own Complaint establishes that Young arrested Plaintiff after removing Plaintiff from Ms. Smith's home upon her request and after a second call from Ms. Smith in which she reported that Plaintiff was in possession of a firearm and was threatening her and her sister. (Dkt. 2, ¶¶ 16, 29, & 42.) Possession of a firearm by a convicted felon is a felony offense. Fla. Stat. § 790.23.

An arresting officer is required to conduct a reasonable investigation to establish probable cause. Rankin, 133 F.3d at 1435. However, a law enforcement officer is not required to take "every conceivable step . . . at whatever cost, to eliminate the possibility of convicting an innocent person." Tillman v. Coley, 886 F.2d 317, 321 (11th Cir. 1989). In this case, Plaintiff's own account establishes that sometime just prior to his arrest by Young, he had been removed from Ms. Smith's home by Young. (Dkt. 2, ¶ 16.) Sometime shortly after Young removed Plaintiff from Ms. Smith's home upon her request, Young responded to a second call from Ms. Smith indicating that Plaintiff was threatening Ms. Smith and her sister and that he possessed a firearm. (Id. at ¶ 16 & 42.) According to Plaintiff's own Complaint, after finding a firearm, Young advised Plaintiff that he was under arrest for possession of a firearm by a convicted felon and threatening a witness. (Id. at ¶¶ 24 & 29.) Young relied on a credible and reliable source – his own investigation following a previous encounter with Plaintiff in which he

removed Plaintiff from the residence of the complaining witness. A prudent law enforcement officer, upon receiving a second call from a complaining witness about the actions of the same suspect the officer had just recently removed from the complaining witness's home, would have reasonably believed that the suspect was, in fact, threatening the witness, and that a crime had been committed or was in process.

The determination of probable cause must consider the facts and circumstances known to the officer at the time of the arrest. See Mailly v. Broward County, 867 So. 2d 1250, 1251 (Fla. Dist. Ct. App. 2004); Fla. Game & Freshwater Fish Comm'n v. Dockery, 676 So. 2d 471, 474 (Fla. Dist. Ct. App. 1996)("Hindsight should not be used to determine whether a prior arrest or search was made with probable cause."). Considering the circumstances confronting Young and the information known to him at that time – according to Plaintiff's own Complaint – the arrest was objectively reasonable. See Lee, 284 F.3d at 1195; Rankin, 133 F.3d at 1435; Wood, 323 F.3d at 873. While Plaintiff points out that his Motion to Suppress was granted, this fact has no effect on the determination of whether Young had probable cause to arrest Plaintiff at the time of the arrest. Probable cause does not require a level of proof that "reach[es] the [same] standard of conclusiveness and probability as the facts necessary to support a conviction." Rankin, 133 F.3d at 1425; see also Baker, 443 U.S. at 145 (explaining that if the Constitution guaranteed "that only the guilty will be arrested," . . . §1983 would provide a cause of action for every defendant acquitted -- indeed for every suspect released").

Furthermore, even if Young did not have actual probable cause, he would nevertheless be entitled to qualified immunity because he had at least 'arguable probable cause.' Wood v. Kesler, 323 F.3d 872, 878 (11th Cir. 2003). Arguable probable cause exists where a law

10

enforcement officer "reasonably could have believed that probable cause existed, in light of the information the officer possessed." Hunter v. Bryant, 502 U.S. 224, 227 (1991). "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." Id.

When Young detained and subsequently arrested Plaintiff, he had trustworthy information that Plaintiff was intimidating Ms. Smith based upon his very recent experience of removing Plaintiff from Ms. Smith's home. Even if he were mistaken in his belief that probable cause was present, he possessed sufficient information – primarily his recent experience with removing Plaintiff from Ms. Smith's home – to conclude that a crime had been committed or was in process. Plaintiff does not dispute this and, in fact, the Complaint identifies Ms. Smith's purported lies as the event that initiated Young's actions. Plaintiff does not even allege that Young or any other law enforcement officer knew Ms. Smith or her sister were untruthful or that Ms. Smith or her sister ever disavowed law enforcement of their belief that Plaintiff possessed a firearm and was threatening Ms. Smith and her sister.

## Supplemental Jurisdiction

Because the Court has resolved Plaintiffs' federal claims against Young in favor of Young, only Plaintiffs' state law claims against Young (Claims A, B, D, G, and H of the Complaint) remain pending. Title 28, section 1367 of the United States Code provides that the district courts may decline to exercise supplemental jurisdiction over state claims where it has dismissed all the underlying federal claims. See 28 U.S.C. § 1367(c)(3). In making this determination, the Court should consider factors such as "comity, judicial economy, convenience, fairness, and the like." See Crosby v. Paulk, 187 F.3d 1339, 1352 (11th Cir. 1999)

11

(quoting Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996)). Although this decision is discretionary, see Englehardt v. Paul Revere Life Ins Co., 139 F.3d 1346, 1350 (11th Cir. 1998), the dismissal of state law claims is strongly encouraged where the federal claims are dismissed prior to trial. See Baggett v. First Nat'l Bank, 117 F.3d 1342, 1353 (11th Cir. 1997). This case was initially removed to this Court based on the existence of federal question jurisdiction. The only remaining claims would require this Court to exercise its supplemental jurisdiction. In the interest of judicial economy and convenience, the Court declines to exercise supplemental jurisdiction over the remaining state law claims in this action and remands this removed case to state court.[2]

**ACCORDINGLY, it is ORDERED AND ADJUDGED:**

1. Defendant Troy Young's Motion to Dismiss (dkt. 13) is granted as to Plaintiff's federal claims (Claims C & E of the Complaint) against Young. Those claims are dismissed with prejudice.

2. The federal claims (Claims C & E of the Complaint) are also dismissed as to Defendant Lakeland Police Department with prejudice.

3. The remaining state law claims against all Defendants (Claims A, B, D, G, H, I, and J of the Complaint) are remanded to the Circuit Court for the Tenth Judicial Circuit, in and for Polk County, Florida.

4. The Clerk shall also enter judgment in favor of Defendants Young and the Lakeland

---

[2] Cf. First Union Nat'l Bank of Fla. v. Hall, 123 F.3d 1374, 1378 (11th Cir. 1997), cert. dismissed, 523 U.S. 1135 (1998) (implying that district court in certain circumstances could properly decline to exercise supplemental jurisdiction over state law claims by remanding remainder of already removed case in the interests of judicial economy, convenience and fairness).

Police Department as to Claims C & E of the Complaint and against Plaintiff, terminate any pending motions, and close this case.

DONE AND ORDERED at Tampa, Florida, on March 13, 2006.

_____
RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

COPIES FURNISHED TO:
Counsel of Record

13